United States District Court
for the
Southern District of Florida

| Godbert Donjoie, Plaintiff, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) Civil Action No. 19-20298-Civ-Scola |
| Whitestone Gulf, Inc., Defendant. | ) |
| | ) |

**<u>Notice of Consideration of Motion for Summary Judgment</u>**

The plaintiff Godbert Donjoie files suit to recover damages for alleged discrimination and retaliation under 42 U.S.C. § 1981. The defendant Whitestone Gulf, Inc. ("Whitestone") moves for judgment on the pleadings arguing that the suit is barred by the contractual statute of limitations period in his employment contract. (ECF No. 8.) The employment contract at issue is attached to Whitestone's answer and affirmative defenses. (ECF No. 3).

Before it can reach the merits, the Court must first decide whether the contract attached to Whitestone's answer can be considered at this stage. The Eleventh Circuit allows a document attached to an answer to be considered at the judgment on the pleadings stage only if the document is (1) central to the plaintiff's claim; and (2) undisputed. *Horsley v. Feldt*, 304 F.3d 1125, 1134-35 (11th Cir. 2002) (explaining that incorporation by reference doctrine applies to documents attached to answers for 12(c) motions). "Undisputed in this context means that the authenticity of the document is not challenged." *Id.* In his response, Donjoie disputes the authenticity of the employment agreement by alleging that "Plaintiff disputes the authenticity of the purported agreements," because "there is no actual signature anywhere on the documents" and "there is no evidence that Plaintiff was ever presented with the agreements" without explicitly alleging that he did not sign the contract. (ECF No. 9 at 2-4.)

This Court "has discretion as to whether to accept material beyond the pleadings that is offered in conjunction with a 12(b)(6) motion." *Christy v. Sheriff of Palm Beach County, Fla.*, 288 Fed. App'x 658, 664 (11th Cir. 2008). "However, once the court decides to accept matters outside the pleading, it must convert the motion to dismiss into one for summary judgment." *Id*; *see also,* Fed. R. Civ. P. 12(d). "It is clearly the law in this circuit" that whenever a district judge converts a motion into a motion for summary judgment by considering matters outside the pleadings "the judge must give all parties ten-days-notice that he is so converting the motion." *Id.*

The Court intends to treat the defendant's motion for judgment on the pleadings as a motion for summary judgment in order to consider matters outside of the pleadings. Pursuant to Federal Rule of Civil Procedure 12(d), the parties will be given a reasonable opportunity to present all the material they believe is pertinent to this motion. The parties may file a supplemental brief in support of or in opposition to the motion for summary judgment by **September 30, 2019**. Concurrently with these supplemental briefs the parties shall also file any other evidence that they believe is pertinent to this motion.

**Done and ordered** in chambers, at Miami, Florida, on September 16, 2019.

_____
Robert N. Scola, Jr.
United States District Judge