United States District Court
for the
Southern District of Florida

| Godbert Donjoie, Plaintiff, | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 19-20298-Civ-Scola |
| Whitestone Gulf, Inc., Defendant. | ) | |
| | ) | |

**<u>Order on 12(d) Motion for Summary Judgment</u>**

The plaintiff Godbert Donjoie files suit to recover damages for alleged discrimination and retaliation under 42 U.S.C. § 1981. The defendant Whitestone Gulf, Inc. ("Whitestone") moved for judgment on the pleadings arguing that the suit is barred by the contractual statute of limitations period in his employment contract. (ECF No. 8.) The Court decided that it could not consider the contract attached to Whitestone's answer and affirmative defenses at the judgment on the pleadings stage because Donjoie challenged its authenticity. (ECF No. 15.) However, the Court decided to convert Whitestone's motion into a summary judgment motion in accordance with Federal Rule of Civil Procedure 12(d). (*Id.*) The Court allowed the parties to file a supplemental brief by September 30, 2019 in light of its decision to convert the motion. The parties each filed a supplemental brief. After reviewing the parties submissions, the record, and the applicable caselaw, the Court **grants** Whitestone's motion (**ECF No. 8**).

**1. Background**

Whitestone employed Donjoie, an African-American man, as an armed security officer. (ECF No. 1-2 at ¶¶ 5-6.) Whitestone fired him on February 18, 2017. (ECF No. 8 at 2.) During his employment, Donjoie electronically signed two employment agreements—although Donjoie alleges that he does not recall signing the agreements. (ECF No. 3-1; 16-1 at ¶¶ 6-8.) Both agreements contain a six-month contractual limitation period for claims relating to Plaintiff's employment with Whitestone. It states:

> Employee agrees to file all claims or lawsuits in any way relating to
> employment with the Company no more than six months after the
> date of the employment action that is the subject of the lawsuit.

(ECF No. 1-3.) On October 29, 2018, Donjoie filed suit in state court, alleging that Whitestone discriminated against him and retaliated against him in

violation of 42 U.S.C. § 1981. (ECF No. 1-2.) Whitestone subsequently removed the case to federal court. (ECF No. 1.)

## 2. Legal Standard

Under Federal Rule of Civil Procedure 56, "summary judgment is appropriate where there 'is no genuine issue as to any material fact' and the moving party is 'entitled to a judgment as a matter of law.'" *Alabama v. North Carolina*, 130 S. Ct. 2295, 2308 (2010) (quoting Fed. R. Civ. P. 56(a)). Rule 56(c) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted). Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted); *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1984) (stating "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts").

The Court must view the evidence in the light most favorable to the nonmoving party, and summary judgment is inappropriate where a genuine issue material fact remains. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259-60 (11th Cir. 2004). "An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Id.* at 1260. A court may not weigh conflicting evidence to resolve disputed factual issues; if a genuine dispute is found, summary judgment must be denied. *Skop v. City of Atlanta, Ga.*, 485 F.3d 1130, 1140 (11th Cir. 2007).

## 3. Analysis

Before the Court analyzes whether this case is barred by the contractual limitations period in the employment contracts, it must determine whether there is any genuine dispute of fact regarding whether Donjoie electronically signed the contract. The Court finds that there is no genuine dispute because Donjoie does not deny that he signed the contract. Instead, he states that "Plaintiff disputes the authenticity of the purported agreements," because "there is no actual signature anywhere on the documents" and "there is no evidence that Plaintiff was ever presented with the agreements." (ECF No. 9 at 2-4.) In his

supplemental brief and the attached declaration, Donjoie states that he "do[es] not recall" ever signing the agreements. (ECF No. 16-1 at ¶¶ 6-8.) Merely stating that he does not recall signing the agreement is insufficient to raise a genuine dispute of fact. *See Torjagbo v. United States*, 285 Fed. App'x 615, 619 (11th Cir. 2008) (although Torjagbo testified that he did not remember signing the covenant not to sue, a reasonable jury could not find in his favor on the authenticity of the covenant.); *see also, Melver v. Check N' Go of Fla., Inc.*, 2013 WL 12148376, *2 (S.D. Fla. July 22, 2013) (Williams, J.) (that Plaintiff claims the electronic signature is invalid because he "does not remember signing" it, does not invalidate the agreement). Therefore, Donjoie has not demonstrated a genuine issue of material fact regarding whether he electronically signed the employment agreements.

Having determined that it is established for summary judgment purposes that Donjoie signed the agreements, the Court can now address whether this suit is barred by the six-month contractual limitation provision in the employment agreement. "It is well established that, in the absence of a controlling statute to the contrary, a provision in a contract may validly limit, between the parties, the time for bringing an action on such contract to a period less than that prescribed in the general statute of limitations, provided that the shorter period itself shall be a reasonable period." *Order of United Commercial Travelers of Am. V. Wolfe*, 331 U.S. 586, 608 (1947); *see also Northlake Regional Medical Center v. Waffle House System Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998) ("contractual limitations periods on ERISA actions are enforceable, regardless of state law, provided they are reasonable."). Here, there is no controlling statute to the contrary because there is no explicit statute of limitations provision requiring a § 1981 claim to be filed within a certain period and forbidding contractual alterations to that period. Rather, a § 1981 action must be filed within the four-year statute of limitations prescribed by 28 U.S.C. § 1658, the catch-all statute of limitations for federal statutes enacted after 1990. *Baker v. Birmingham Bd. Of Educ.*, 531 F.3d 1336, 1338 (11th Cir. 2008) (reversing the district court's application of a two-year statute of limitations period to a § 1981 claim because the four-year one mandated by 28 U.S.C. § 1658 applies).

Because there is no controlling statute forbidding contractual modification to the limitations period or mandating another period, the Court must determine whether the modification is reasonable. *Wolfe*, 331 U.S. at 608. Courts have held limitations periods of six months to be reasonable. *See Northlake Reg'l Med. Ctr v. Waffle House Sys. Employee Benefit Plan*, 160 F.3d 1301, 1303 (11th Cir. 1998) (enforcing 90-day contractual limitations period to ERISA claims); *see also Myers v. W.S. Life Ins. Co.*, 849 F.2d 259, 262 (6th Cir. 1998) ("there is nothing

inherently unreasonable about a six-month limitations period"). A Section 1981 plaintiff can file suit directly in federal court and, unlike a Title VII or ERISA plaintiff, is not required to exhaust his administrative remedies. *See Price v. M & H Valve Co.*, 177 Fed. App'x 1, 9 (11th Cir. 2006). This weighs in favor of finding a six-month limitations period to be reasonable. Moreover, courts have upheld six-month contractual limitations periods in employment contracts for claims brought under 42 U.S.C. § 1981. *See Njang v. Whitestone Group, Inc.*, 187 F. Supp. 3d 172, 178 (D.D.C. 2016) (holding that § 1981 claim is barred because of six-month contractual limitation); *Thurman v. DaimlerChrystler, Inc.*, 397 F.3d 352, 357-58 (6th Cir. 2004) (affirming lower court's dismissal of section 1981 claim due to six month contractual limitations period); *Taylor v. W. & S. Life Ins. Co.*, 966 F.2d 1188, 1193-94, 1206 (7th Cir. 1992) (affirming district court dismissal of section 1981 claim based on six-month limitations period in employment contract); *Badgett v. Fed. Express Corp.*, 378 F. Supp. 2d 613, 626 (M.D.N.C. 2005) (holding that the Plaintiff's Section 1981 claim is barred as untimely due to the six-month contractual limitations period).

Donjoie's unsupported contention that § 95.03, Florida Statutes voids the contractual limitation provisions is flawed because § 95.03 does not apply to federal claims. *See, e.g., Life Sciences, Inc. v. Emery Air Freight Corp.*, 341 So. 2d 272, 273 (Fla. Ed 1977) (§ 95.03 has "no effect upon Rule 120 because the regulation of shipments of goods in interstate commerce has been preempted by federal authority."). Moreover, his argument that the employment agreements must be "analyzed pursuant to Florida law because they were created pursuant to Florida law" is not supported by the facts. The contracts do not state that they were created pursuant to Florida law, nor that Florida law applies. (ECF No. 3-1.) Instead, the severability provision in both contracts states that terms and provisions "shall be limited and reduced so as to be enforceable under applicable law." (*Id.*) Donjoie's two federal claims § 1981 cannot be controlled by the Florida statute's prohibition on contractual modification to limitations periods, and thus Donjoie's claims are barred by the time limitation in the employment agreements.

### 4. Conclusion

Accordingly, the Court concludes that Donjoie does not have a claim under § 1981 because he is barred from suing by the contractual limitation provision. The Court therefore **grants** the Defendants' motion (**ECF No. 8**) The Clerk shall administratively **close** this case. Any other pending motions are **denied as moot**.

(Continued on following page)

**Done and ordered** in chambers, at Miami, Florida, on October 4, 2019.

_____
Robert N. Scola, Jr.
United States District Judge